1  Peter J. Mastan (SBN 190250)
   peter.mastan@dinsmore.com
2  Brian M. Metcalf (SBN 205809)
   brian.metcalf@dinsmore.com
3  Jonathan Serrano (SBN 333225)
   jonathan.serrano@dinsmore.com
4  **DINSMORE & SHOHL LLP**
   550 S. Hope Street, Suite 1765
5  Los Angeles, CA 90071
   Telephone: 213.335.7737
6
   Proposed Counsel to Amy L. Goldman,
7  Chapter 7 Trustee

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10             **SAN FERNANDO VALLEY DIVISION**

11

12  In re:                          Case No. 1:23-bk-10733-MB

13  YAO LIN,                        Chapter 7

14      Debtor.                     **APPLICATION PURSUANT TO 11 U.S.C.
                                    § 327(a) FOR AN ORDER AUTHORIZING**
15                                  **THE EMPLOYMENT OF DINSMORE &
                                    SHOHL LLP AS GENERAL**
16                                  **BANKRUPTCY COUNSEL FOR CHAPTER
                                    7 TRUSTEE AMY L. GOLDMAN;**
17                                  **DECLARATION OF PETER J. MASTAN IN
                                    SUPPORT THEREOF; AND EXHIBITS**
18
                                    Date:    [No Hearing Required Unless
19                                           Requested – LBR 9013-1(o)(1)]
                                    Time:
20                                  Ctrm:    303
21                                           21041 Burbank Boulevard
                                             Woodland Hills, California 91367
22                                  Judge:   Hon. Martin R. Barash

23

24          Amy L. Goldman, the Chapter 7 Trustee ("Trustee") for the bankruptcy estate (the

25  "Estate") of debtor Yao Lin (the "Debtor") in the above-captioned bankruptcy case (the "Case"),

26  hereby applies to the Court for an order authorizing the employment of Dinsmore & Shohl LLP

27  ("Dinsmore") as her general bankruptcy counsel, effective as of August 28, 2023. This

28  Application is brought pursuant to 11 U.S.C. § 327(a), with compensation to be determined

1  pursuant to 11 U.S.C. §§ 330 and 331, Rule 2014(a) of the Federal Rules of Bankruptcy Procedure

2  (the "Bankruptcy Rules"), and Rule 2014-1(b) of the Local Bankruptcy Rules of the United States

3  Bankruptcy Court for the Central District of California ("LBR"). In support of this Application,

4  the Trustee submits the attached Declaration of Peter J. Mastan (the "Mastan Declaration") and

5  respectfully represents as follows:

6  ## I.    <u>INTRODUCTION</u>

7        On May 29, 2023 (the "Petition Date"), the Debtor filed a voluntary petition under

8  chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the Case.

9  Amy L. Goldman is the duly appointed Chapter 7 Trustee in this Case, and she continues to serve

10  in this capacity at this time. The initial 341(a) meeting of creditors was held on July 10, 2023, and

11  has been continued from time to time to October 23, 2023 at 10:30 a.m.

12       Prepetition, the Debtor owned a business and significant assets. However, leading up to the

13  Petition Date, the Debtor disposed of his business assets and transferred property to his spouse.

14  That property included multiple real properties located in Malibu, California, as well as other

15  assets. In connection with the transfer of assets, the Debtor and his spouse divorced, only to

16  remarry less than three months later.

17       Also prepetition, a judgment creditor filed a fraudulent transfer claim, which remains

18  pending, against the Debtor's spouse. That creditor also alleges that the Debtor has bank accounts

19  at East West Bank, which, until shortly before bankruptcy, contained significant funds. The bank

20  accounts were not been disclosed in the Debtor's petition, schedules, or statements, and the Debtor

21  has denied the creditor's allegation.

22       In light of the foregoing, the Trustee determined that retaining general bankruptcy counsel

23  is necessary to further investigate the Debtor's assets and the dissipation thereof and, if necessary,

24  pursue claims belonging to the Estate.

25  / / /

26  / / /

27  / / /

28  / / /

II.      **JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The relief requested herein is authorized by 11 U.S.C. § 327(a), Bankruptcy Rule 2014, and LBR 2014-1.

III.     **EMPLOYMENT OF GENERAL BANKRUPTCY COUNSEL**

By this Application, the Trustee seeks the entry of an order pursuant to section 327(a) of the Bankruptcy Code, approving the retention and employment of Dinsmore as her general bankruptcy counsel effective as of **August 28, 2023** to perform the legal services that will be necessary during this Case.

A.      **Dinsmore Qualifications**

The Trustee seeks to retain Dinsmore because: (i) Dinsmore has extensive experience in bankruptcy, liquidations, reorganizations, avoidance power litigation, and other areas of commercial law applicable to the Case; (ii) Dinsmore is highly experienced in representing trustees in both chapter 11 and chapter 7 bankruptcy cases; and (iii) the Trustee believes that Dinsmore is well qualified to represent the Trustee in this Case as her counsel. The Trustee believes that Dinsmore will provide its experience with respect to bankruptcy, sale of assets, investigation, litigation, and other relevant issues and will act as counsel for the Trustee in a cost-effective manner. Dinsmore and its lawyers are well qualified to handle the type of services to be rendered in its representation of the Trustee.

Peter J. Mastan will be the lawyer at Dinsmore with primarily responsibility for this engagement. He will be supported by counsel Brian M. Metcalf, associate Jonathan Serrano, and other Dinsmore professionals as needed. Short biographies of the Dinsmore attorneys, setting forth their qualifications, are attached to the Mastan Declaration as **Exhibit 1**.

The Trustee has been advised that pursuant to Bankruptcy Rule 2014(b), Court approval of the employment of Dinsmore constitutes employment approval for all of the lawyers at the firm. The Trustee has been informed that the lawyers of Dinsmore who will be primarily involved in the

/ / /

3

Case are members in good standing of the State Bar of California and/or the federal bar and all attorneys who will appear before this Court are members in good standing of this Court.

After due consideration and deliberation, the Trustee has concluded that her interests and the interests of the Estate and its creditors would be served best by the employment of Dinsmore as general counsel to render such legal services as are necessary and appropriate in connection with the matters set forth herein and to render such additional legal services as may be required from time to time during the pendency of this case.

**B.   Scope of Proposed Employment**

The Trustee believes it is necessary to retain counsel to investigate and, if appropriate, pursue assets of the Debtor and potential claims relating to the dissipation thereof. Counsel is needed to render legal services relating to the day-to-day administration of this Case, as applicable, and disposition of the Estate's assets, including the following, as applicable:

1.   Preparing, on behalf of the Trustee, all necessary motions, applications, answers, orders, reports, and other pleadings in connection with the administration of the Estate or as required by this Court pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the LBR;

2.   Representing the Trustee at any proceeding, litigation, or hearing in the Bankruptcy Court and in any action regarding or affecting the rights of the Estate or the Trustee;

3.   Investigating the transactions of the Debtor and his financial affairs;

4.   Advising the Trustee with respect to all legal matters in the case;

5.   Advising the Trustee with respect to claims asserted in the case and in objecting to such claims, as necessary;

6.   Commencing, conducting, advising, or assisting the Trustee in any and all litigation or other action necessary or appropriate to protect or recover assets of the Estate;

7.   Representing the Trustee with respect to sales of assets of the Estate, as necessary;

8.   Providing counseling with respect to legal matters which may arise during the pendency of the case; and

9.   Performing all other legal services that the Trustee requests, which are necessary for the efficient and economic administration of the case.

### C.    Disinterestedness

Subject to the disclosures contained in the Mastan Declaration that is submitted concurrently herewith, Dinsmore has informed the Trustee that Dinsmore and its partners and associates do not hold or represent any interest adverse to the Trustee or the Estate. Dinsmore is "disinterested" within the meaning of section 101(14) of the Bankruptcy Code.

The connections of Dinsmore to the Debtor, any known creditors of the Debtor, the Estate, the Trustee, the United States Trustee, any person employed by the United States Trustee, the bankruptcy judge presiding in this case, or any other known party in interest, including their respective attorneys, are set forth in the Mastan Declaration. *See* Mastan Decl. ¶ 7. In the event that a conflict with any of the foregoing parties in interest is discovered in the future, Dinsmore will disclose such conflict to the Court and, if necessary, the Trustee will seek an order from this Court employing special counsel to address the issue on which Dinsmore is conflicted. Dinsmore will not represent either party against the other.

## IV.    RETROACTIVE APPROVAL OF EMPLOYMENT EFFECTIVE AS OF AUGUST 28, 2023 IS APPROPRIATE UNDER THE CIRCUMSTANCES OF THE CASE

The Trustee requests that Dinsmore's employment be made effective in the Case as of **August 28, 2023**, making the filing of this Application timely as it is being filed within 30 days of the commencement of Dinsmore's services. Since being contacted by the Trustee, Dinsmore has begun to review and analyze numerous documents of the Debtor to determine whether any claims belonging to the Estate exist. To that end, it was necessary for Dinsmore to begin its investigation prior to filing this Application.

In addition, the filing of this Appliction is consistent with Bankruptcy Rule 6003(a), which prohibits the entry of an order granting an employment application within 21 days of the petition date, and precedent in this circuit. *See Atkins v. Wain (In re Atkins)*, 69 F.3d 970, 973 (9th Cir. 1995) ("The bankruptcy courts in this circuit possess the equitable power to approve retroactively a professional's valuable but unauthorized services.") (citation omitted); *In re Hunanyan*, 631 B.R. 904, 908 (Bankr. C.D. Cal. 2021) (J. Tighe) (approving employment under 11 U.S.C. § 327

1  without resorting to equitable principles or issuing *nunc pro tunc* orders as set forth in *Roman*

2  *Catholic Archdiocese of San Juan, Puerto Rico v. Feliciano*, 140 S. Ct. 696, 700-01 (2020)).

3  **V.      COMPENSATION AND REIMBURSEMENT OF EXPENSES**

4          The Trustee proposes to pay Dinsmore its customary hourly rates in effect from time to

5  time, as set forth below, plus reimbursement of actual and necessary expenses incurred by the

6  firm. Dinsmore's rates are competitive in Los Angeles, Orange County, and San Fernando

7  Valley, California among other attorneys with similar skills and experience. Dinsmore intends to

8  apply to the Court for allowance of such compensation and reimbursement of expenses in

9  accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the

10 LBR, the standing orders of this Court, and the fee guidelines of the United States Trustee.

11 Dinsmore has advised the Trustee that the firm may seek interim compensation during this Case

12 as permitted by applicable sections of the Bankruptcy Code, including sections 330 and 331.

13         Based on the Mastan Declaration, the Trustee believes that no agreement or understanding

14 exists between Dinsmore and any other entity for sharing compensation to be received for services

15 rendered in, or in connection with, the case. Dinsmore has not received a retainer in this case.

16         **A.      Fees**

17         The rates for the lawyers who may be primarily involved and provide services in this

18 case are as follows:

| **Name** | **Title** | **Hourly Rate** |
|----------|-----------|-----------------|
| Peter J. Mastan | Partner | $740.00 |
| Brian M. Metcalf | Counsel | $605.00 |
| Jonathan Serrano | Associate | $390.00 |

23 These billing rates are updated generally on or about January 1 of each year. Dinsmore will seek

24 compensation for its services based upon normal and usual hourly billing rates as may be allowed

25 by this Court after notice to creditors and a hearing pursuant to sections 300 and 331 of the

26 Bankruptcy Code. The terms and conditions of Dinsmore's employment are reasonable based on

27 the experience of its attorneys.

28 / / /

**B.    Reimbursement of Expenses**

In addition to the hourly rates set forth above, Dinsmore customarily charges its clients for items of cost and expense incurred in the work performed. Items which will be charged separately include copying, messenger services, filing fees, postage and express services, telecopying, computerized legal research, computer-assisted document preparation, support staff overtime (when necessary), and similar items. Where appropriate, Dinsmore may engage third-party providers to perform specific services. Dinsmore intends to apply to the Court for allowance and reimbursement of such expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the LBR, the standing orders of this Court, and the guidelines of the United States Trustee. Most costs are reimbursed at actual cost to the firm.

## VI.    CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order authorizing him to employ Dinsmore, as general bankruptcy counsel, as more fully described herein, effective as of **August 28, 2023**, with compensation and cost reimbursement to be paid as an administrative expense pursuant to 11 U.S.C. §§ 330, 331, and 503 in such amounts as this Court may hereinafter allow and order paid.


Dated:  September 26, 2023

Amy L. Goldman, Chapter 7 Trustee


**Prepared and submitted by:**

DINSMORE & SHOHL LLP


By: /s/ Jonathan Serrano
     Peter J. Mastan
     Brian M. Metcalf
     Jonathan Serrano
Proposed Counsel to Amy L. Goldman,
Chapter 7 Trustee

7

### DECLARATION OF PETER J. MASTAN

I, PETER J. MASTAN, declare as follows:

1.    I am an attorney admitted to practice before this Court and the courts of this State. I am a partner of the law firm Dinsmore & Shohl LLP ("Dinsmore"), proposed general counsel to Amy L. Goldman, the Chapter 7 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of debtor Yao Lin (the "Debtor").

2.    I submit this declaration ("Declaration") in support of the *Application Pursuant to 11 U.S.C. § 327(a) for an Order Authorizing the Employment of Dinsmore & Shohl LLP as General Bankruptcy Counsel for Chapter 7 Trustee Amy L. Goldman* (the "Application") filed contemporaneously herewith.

3.    The facts stated below are personally known to me, except as expressly stated otherwise. If called as a witness, I could and would competently testify to the truth of such facts.

4.    The Court may take judicial notice that, on May 29, 2023 (the "Petition Date"), the Debtor sought bankruptcy relief by filing a voluntary petition under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"). Amy L. Goldman is the duly appointed Chapter 7 Trustee in this case.

5.    The Trustee seeks to retain and employ Dinsmore as her general bankruptcy counsel in the Case, effective as of August 28, 2023. To the best of my knowledge, information, and belief, neither Dinsmore nor any of its partners has any interest in the bankruptcy estate of the Debtor, except as otherwise set forth herein. Nor do any of its partners or associates represent any interest adverse to the Trustee or the bankruptcy Estate in connection with the Case with respect to matters for which Dinsmore is to be employed and appointed, except as otherwise set forth herein.

6.    Dinsmore is a national firm with more than 500 lawyers and paraprofessionals in 28 U.S. cities. As is common in a large firm, representing hundreds of thousands of clients over the years, Dinsmore has represented clients who have or may have some connection to parties involved in the Case. At my direction, the firm has performed a search in its computerized conflict resolution system for the Debtor, the creditors listed on the Debtor's schedules on file in the case, and other parties in interest as noted by the record in the Case. I or other Dinsmore attorneys will

supplement this Declaration with any necessary disclosures of further connections with creditors and other parties of interest in the Case from time to time as such information becomes available and as appropriate under the relevant circumstances, all in accordance with applicable law and rules. Based on my review of the results of the above-described inquiry and conflict check (and any and all knowledge I have apart from the results thereof) thus far, Dinsmore, to the best of my knowledge and belief, does not hold or represent any interest adverse to the Trustee or the Debtor's Estate, or in connection with the Case except as set forth below, and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

7.      Consistent with Bankruptcy Rule 2014, I have chosen to disclose the "connections" that Dinsmore may have to the Trustee, the Debtor, the bankruptcy Estate, the known creditors or other parties in interest in the Case, any of their respective attorneys and accountants as described above, and the United States Trustee or any employee of that office, and I have adopted a broad definition of the word "connection." Subject to this Declaration, the connections identified through the described inquiry involve entities or persons that are clients of or former clients of Dinsmore, adverse parties of clients of Dinsmore, or otherwise involved parties, in each case in unrelated matters, all of which are discussed below:

a.      **Connections with the Trustee**.  I do not believe that presently Dinsmore is involved in any matter in which it is adverse to the Trustee in her role in the Case, or in any other matter. The firm does and may in the future serve as counsel to the Trustee in her fiduciary capacity in other, unrelated cases. The Trustee or her law firm, Lewis Brisbois Bisgaard & Smith LLP, currently represents and may in the future represent one or more attorneys at Dinsmore who are serving as a trustee or other fiduciary in a matter. Like the Trustee, attorneys at Dinsmore are or may from time to time be members of the panel of Chapter 7 Trustees for the Central District of California and/or serve as trustees in other cases before the Court. Dinsmore is and may in the future be involved in cases in which the Trustee or her affiliates (e.g. her law firm) may be a creditor or retained by a party in interest. Attorneys at Dinsmore may have had matters adverse, or were otherwise involved, in cases in which the Trustee was involved in her fiduciary capacity or as a lawyer or advisor to a party in interest; such cases are unrelated to the Debtor's Case. Both

myself and others at Dinsmore have served as members, directors, and/or officers of the California

Bankruptcy Forum or other organizations and may do so in the future. The Trustee is or has been

or may be a member, officer, and/or director of some of these organizations. Attorneys at

Dinsmore socialize with the Trustee from time to time. For conflicts of interest purposes, I do not

believe the foregoing representations or involvement with the Trustee poses any conflict of

interest or "disinterestedness" issues. These matters are unrelated to the Debtor, the Debtor's

bankruptcy estate, or other parties in the Case. These matters do not raise any conflict or

disinterestedness issues; nevertheless, because Bankruptcy Rule 2014 requests "connections," they

are disclosed herein.

    **b.**  <u>**Connections with the Debtor**</u>.  None known.

    **c.**  <u>**Connections with Creditors and Parties in Interest**</u>:  Because of

Dinsmore's size and its tenure in this community and throughout the country, it is inevitable that

one or more creditors or parties in interest in the Case are or may be clients of Dinsmore.

However, each of the following creditors or their affiliates are or may be clients of Dinsmore, or

may be adverse or otherwise involved in matters <u>unrelated</u> to the Case and <u>unrelated</u> to the Debtor,

the bankruptcy estate, the Trustee, or any other party in interest in the Case, except as set forth

herein: American Express Company appeared in other matters including bankruptcy cases in

which Dinsmore has been involved.

    For conflicts of interest purposes, I believe these representations do not pose any

conflict of interest. However, where a party in interest in the Case is a client of Dinsmore,

Dinsmore shall not take any action directly adverse to such party on behalf of the Trustee, absent

an executed written conflict waiver from such client and subsequent disclosure to this Court and

parties in interest, if required. In no circumstances will Dinsmore represent these clients, or client-

related parties, adverse to the Debtor or the Trustee in the Case.

    In addition, with respect to the clients listed above and/or one or more of their

affiliates, Dinsmore may represent parties to which these clients and/or one or more of their

affiliates are otherwise associated, in one or more matters <u>unrelated</u> to the Debtor, the Trustee, the

bankruptcy Estate, or the Case. Dinsmore does not possess any material or confidential

information related to these clients and/or their affiliates that prevents Dinsmore from representing

the Trustee in the Case. For conflicts of interest purposes, I believe that none of these

representations poses a conflict of interest issue. I believe no waiver of any potential conflict of

interest from any of these clients and/or one or more of their affiliates is necessary at this time. If

at any point such a waiver is necessary, I expect that each affected entity and/or affiliate would

execute any waiver as presented, or in the highly unlikely case that such a waiver is both required

and not granted, it is anticipated that the Trustee will retain special counsel. As of this time, none

of these matters raises any conflict or disinterestedness issues; nevertheless, because Rule 2014

requires "connections," they are disclosed herein.

        **d.**        <u>**Connections with Other Counsel or Professionals in the Case**</u>.

Attorneys of Dinsmore have been, are, or may be involved in other matters in which the Trustee,

other professionals representing the Trustee, or other parties in interest in the Case have been, are,

or may be involved. These connections have no impact on Dinsmore's representation in the Case.

        **e.**        <u>**United States Trustee and Judiciary**</u>.  I, and other attorneys of Dinsmore,

have had many cases with the Office of the United States Trustee for Region 16 over the years,

and know many people in these offices personally. One or more partners or other attorneys at

Dinsmore may have worked in the Office of the United States Trustee before joining Dinsmore or

are currently serving as a bankruptcy trustee in this or another jurisdiction. Other attorneys in

Dinsmore also serve as appointed trustees in other cases.

        I personally am a member of the panel of Chapter 7 Trustees for the Central

District of California and act as the chapter 7 and/or 11 trustee in other cases, and may do so in the

future. Some of these appointments may be by the United States Trustee. Other attorneys in the

firm also serve as appointed trustees in other cases.

        On or about July 1, 2017, the Honorable Peter W. Bowie, former Chief Judge for

the United States Bankruptcy Court for the Southern District of California, joined Dinsmore as a

Partner of Counsel.

        Attorneys at Dinsmore may have been, and from time to time may be, panelists on

seminars that may include members of the Office of the United States Trustee or judges of the

Court, and may attend seminars or meetings of organizations, which are also attended by members of the Office of the United States Trustee or judges of the Court.

      **f.**      **Connections in Other Bankruptcy Cases**.  Dinsmore has a long history of representing trustees, debtors, official creditor's committees, creditors, and other parties in interest in bankruptcy cases. The following creditors or parties in interest and/or one or more of such creditors' or parties' in interest affiliates, as such affiliates were identified through the conflicts search described above, appear, at one time or another, to have surfaced as creditors (or as otherwise adverse) in one or more matters in which Dinsmore represented and/or currently represents a trustee, a debtor, or a committee: American Express Company. Dinsmore is involved or may be involved in several bankruptcy matters in which creditors, contract parties, or other parties in interest and/or their affiliates (including the described above) are a creditor or a contract party or otherwise involved, and Dinsmore has represented parties that are adverse to these entities and/or their affiliates in matters unrelated to the Debtor, the Trustee, the Estate, or other parties in the Case.

      **g.**      **Adverse Representation in Non-Bankruptcy Cases**.  None known.

8.     I am the attorney who is primarily responsible for this case. My hourly rate is $740.00. The rates for other lawyers who may assist and provide services in this case are as follows:

| **Name** | **Title** | **Hourly Rate** |
|---|---|---|
| Brian M. Metcalf | Counsel | $605.00 |
| Jonathan Serrano | Associate | $390.00 |

True and correct copies of the biographies of the foregoing Dinsmore attorneys are attached hereto and incorporated herein by reference as **Exhibit 1**.

9.     Subject to the Court's approval, Dinsmore will charge the Trustee and the Estate for its legal services on an hourly basis and shall seek payment from the Estate. Set forth in the Application are the hourly rates Dinsmore will charge for legal services of its professionals who will initially perform services in the case. For other professionals, the rate will be the hourly rate generally in effect for the period during which the services are rendered. Because the fees are

based on hourly rates and correspond to the location, experience, and expertise of each individual, I believe that these rates and the terms and conditions of Dinsmore's employment are reasonable. These rates are subject to adjustment historically on or about January 1 of each year.

10.      In addition to the hourly rates set forth in the Application, Dinsmore customarily charges its clients for items of cost and expense incurred in performing its professional services. Items which will be charged separately include copying, messenger services, filing fees, postage and express services, telecopying, computerized legal research, computer-assisted document preparation, support staff overtime when necessary, and similar items. Where appropriate, we may engage third-party providers to perform specific services. Most costs are reimbursed at actual cost to Dinsmore. Black and white copies are reimbursed at $0.15 per page and color copies at $0.75 per page.

11.      As with our hourly rates, the cost and expense schedule is generally updated on January 1 of each year. Subject to the Bankruptcy Code, Bankruptcy Rules, any applicable fee guidelines, and this Court's order(s), Dinsmore will be seeking reimbursement of charges incurred on behalf of the Trustee and the Estate during the Case. Dinsmore understands that approval of the employment herein is not a *per se* approval of any such expense and that all parties may object to Dinsmore's charge of any expense at the time a fee application containing such expense is filed.

12.      Dinsmore has neither shared nor agreed to share any of the compensation it receives from the case with any person other than to share this compensation among its partners and employees.

13.      Dinsmore has not received a retainer in connection to its proposed representation of the Trustee.

14.      Dinsmore agrees not to accept compensation for services rendered in the case except upon order of the Court.

15.      Based upon the foregoing, I believe that Dinsmore is eligible for employment and retention by the Trustee pursuant to the Bankruptcy Code and the applicable Bankruptcy Rules.

*[Signature Page to Follow]*

1        I declare under penalty of perjury under the laws of the United States that the foregoing is

2    true and correct.

3

4    Dated:  September 26, 2023

                            Peter J. Mastan

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1





# Peter J. Mastan

Partner
peter.mastan@dinsmore.com

Los Angeles, CA
Tel: (213) 335-7738

Peter is the managing partner of the Los Angeles office. He focuses his practice on bankruptcy law, commercial and business litigation, and receiverships. His clients include bankruptcy trustees, receivers, businesses, creditors, government entities, litigants in bankruptcy adversary proceedings, and those interested in buying assets from bankruptcy and/or receivership estates. He counsels clients on matters including bankruptcy avoidance action litigation (including the prosecution and defense of fraudulent transfer and preference actions), Ponzi scheme litigation, Bankruptcy Code 363 sales, fiduciary obligations and the defense of bankruptcy-related malpractice actions brought against fiduciaries and professionals. His experience includes the litigation and management of more than 150 fraudulent transfer adversary proceedings as part of a Ponzi scheme where the trustee recovered more than $100 million in assets, the litigation of more than 100 additional adversary proceedings in a separate failed Ponzi scheme, and the successful defense of multiple law firms accused of malpractice while representing bankruptcy estate fiduciaries.

He is also a member of the panel of Chapter 7 trustees established by the Office of the United States Trustee for the Central District of California, and serves as a Chapter 7 trustee, Chapter 11 trustee, bankruptcy examiner and receiver. Peter's fiduciary experience includes the operation and liquidation of substantial commercial and residential real properties, the operation and sale of adult residential care facilities and other businesses, and the management of litigation-based cases, including fraud-related bankruptcy cases.

Peter is also experienced in international judgment recovery actions, having orchestrated such efforts around the world in Sweden, Austria, the Cook Islands and other areas.

**Services**

- Corporate & Transactional
- Capital Markets
- Bankruptcy & Restructuring

**Education**

- Loyola Law School  (J.D., 1997)

# Dinsmore

- o Entertainment Law Journal – note and comment editor
- o St. Thomas More Law Honor Society
- o American Jurisprudence Awards in Secured Transactions in Personal Property and Federal Income Taxation
- University of California, Los Angeles  (B.A., 1993)

**Bar Admissions**

- California
- District of Columbia

**Court Admissions**

- U.S. Court of Appeals for the Ninth Circuit
- U.S. District Court for the Central District of California
- U.S. District Court for the Northern District of California
- U.S. District Court for the Southern District of California

**Affiliations/Memberships**

- National Association of Bankruptcy Trustees
- Los Angeles Bankruptcy Forum, board of directors (2018 - 2022)
- American Bankruptcy Institute
- California Bankruptcy Forum

  - o President (2017)
  - o Pro Bono Steering Committee, chairman (2016 - 2017)
  - o Vice president (2016)
  - o Secretary (2015)
  - o Treasurer (2014)
  - o Co-education chair (2011)
  - o Co-education chair of the Young Insolvency Professional program (2010)
- Central District of California, Chapter 7 panel of trustees

**Distinctions**

- California *Super Lawyers*®
  - o For Bankruptcy and Debtor/Creditor Rights (2012 - 2023)
- Southern California *Rising Star*® (2009 - 2010)

## REPRESENTATIVE ATTORNEY CASES

### In re Reed E. Slatkin and Substantively Consolidated Affiliates Topsight Oregon, Inc. and Reed Slatkin Investment Club, L.P. Liquidating Trust

Represented chapter 11 trustee of $500,000,000.00 Ponzi scheme operator and co-founder of EarthLink in various aspects of bankruptcy case and hundreds of fraudulent transfer adversary proceedings, including issues related to the interaction between bankruptcy fraudulent transfer law and the protections provided to retirement plans under ERISA.

### Speier, Trustee v. [Major California Law Firm]

Successfully represented major California law firm who was previously counsel to bankrupt debtor and debtor-in-possession in multi-million dollar breach of fiduciary duty and fraudulent transfer lawsuit prosecuted by subsequently appointed bankruptcy trustee.

### In re the Substantively Consolidated Bankruptcy Estates of Bruce P. McNall, McNall Sports & Entertainment, Inc., Kings Hockey, Inc., and L.A. Kings, Ltd.

Represented chapter 7 trustee in various aspects of bankruptcy case, including issues relating to the extra-territorial service of process (Cook Islands), asset sales, obtaining discovery relating to financial institutions from the FDIC, and objections to various proofs of claim.

### County of San Bernardino et al. v. Hlawek et allSHL Assoc. v. County of San Bernardino

Represented county government in multi-million dollar public corruption action against former officers of the county and former county contractors alleged to have received and paid bribes and/or kickbacks in connection with the allocation of county contracts. Also represented the county in a parallel lawsuit successfully moving for the transfer of venue from San Diego County to San Bernardino County where a target of the County's corruption law suit filed preemptive law suit against the County in an attempt to avoid being sued as part of the County's main corruption action and in anti-SLAPP proceedings.

### United States of America v. Kato

Represented District Court appointed receiver in $96 million bank and wire fraud receivership action initiated by the Office of the United States Attorney. Liquidated in excess of $6.9 million in real property, jewelry, and automobiles for the benefit of the receivership estate.

### In re Fink

Represented chapter 7 bankruptcy trustee in connection with a detailed analysis of financial records to trace funds and stock sale transactions for purposes of identifying hidden assets and establishing property interests in known assets. Resulted in published opinion holding that consideration received for a transfer made in violation of federal securities laws does not constitute reasonably equivalent value for purposes of fraudulent transfer law.

### In re Rubin

Represented chapter 7 bankruptcy trustee in prosecuting civil contempt proceedings. Successfully defended the bankruptcy court's civil contempt findings through the appellate process, including argument before the Ninth Circuit Court of Appeals, resulting in the affirmation of civil contempt sanctions that accrued to an amount in excess of $100,000.

## REPRESENTATIVE TRUSTEE CASES

**In re BGM Pasadena, LLC**

As Chapter 11 trustee, operated and marketed for sale two parcels of real property located on Orange Grove Blvd, Pasadena, California, one improved with an office building and the other improved with two, four-unit apartment buildings. Located and documented sale transaction with stalking horse buyer. Ultimately obtained Bankruptcy Court approval of properties' sale at $14.35 million, nearly two million dollars greater than highest appraised value of properties.

**In re Pasadena Adult Residential Care, Inc. and Administratively Consolidated Affiliates Castle View Senior Retirement Estate, Inc, Garfield Senior Care Center, Inc., and Pasadena Health Care Management, Inc.**

As Chapter 11 trustee, operated three Adult Residential Care Facilities and/or Residential Care Facilities for the Elderly located in Pasadena, California. Worked effectively with bankruptcy trustee for separate debtors holding title to the real properties on which the care facilities' business operations took place in order to co-market and negotiate a joint sale of the business operations and real properties for more than $10 million.

**In re Cobe Chemical**

Appointed Chapter 11 trustee over distressed cosmetics company. Located buyer for the business on an expedited basis and obtained bankruptcy court approval of the company's sale. Also investigated and brought claims against company insiders for breach of their pre-petition fiduciary duties to the company.





# Brian M. Metcalf

Of Counsel
brian.metcalf@dinsmore.com

Los Angeles, CA
Tel: (213) 335-7752

Brian focuses his practice on complex bankruptcy, restructuring, and litigation matters. He has experience representing clients in all levels of bankruptcy and state and federal court litigation proceedings, including discovery, motion practice, evidentiary hearings and trials, appeals, and alternative dispute resolution. He regularly represents debtors, creditors' committees, trustees, secured and unsecured creditors, equity holders, and other parties in interest in all aspects of Chapter 7 and Chapter 11 cases, bankruptcy related litigation, and out-of-court restructurings. In litigation, he represents plaintiffs and defendants in all types of matters, including claims involving commercial transactions and contracts, fraud, director and officer fiduciary duties, real estate, intellectual property, and other business disputes. He works closely with clients to identify tactical objectives and goals and then develops and executes strategies to promptly and efficiently achieve them while providing guidance on settlement and litigation options.

**Services**

- Litigation

**Education**

- University of Michigan Law School  (J.D., *cum laude*, 1999)

- University of Oregon  (B.S., 1994)

**Bar Admissions**

- Arizona

- California

**Court Admissions**

- U.S. District Court for the District of Arizona

- U.S. District Court for the Northern District of California

- U.S. District Court for the Eastern District of California

- U.S. District Court for the Central District of California

Exhibit 1, page 20

- U.S. District Court for the Southern District of California

- U.S. Court of Appeals for the Fifth Circuit

- U.S. Court of Appeals for the Ninth Circuit

**Distinctions**

- California *Rising Star*®
  - o Law & Politics Media Inc. (2006, 2007, 2009, 2010)

**Dinsmore**



# Jonathan Serrano

Associate
jonathan.serrano@dinsmore.com

Los Angeles, CA
Tel: (213) 335-7758

Jonathan focuses his practice on bankruptcy restructuring matters. His experience includes representing debtors, creditors, litigants, and buyers of distressed assets. He has litigated in district and bankruptcy courts.

Jonathan clerked for Judge Scott H. Yun, evaluating issues in countless chapter 7, chapter 13, and chapter 11 cases. For an additional year, he clerked for Judge Wayne Johnson, further developing his bankruptcy expertise.

After completing terms at the United States Bankruptcy Court, Jonathan worked for a global law firm, assisting clients in large chapter 11 cases.

Prior to practicing law, Jonathan taught high school chemistry for several years.

## Services
- Bankruptcy & Restructuring

## Education
- University of California, Los Angeles School of Law  (J.D.)
- Florida A&M University  (B.S.)
  - Chemistry

## Bar Admissions
- California

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:                              550 S. Hope Street, Suite 1765
Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (*specify*): **Application Pursuant To 11 U.S.C. § 327(a) for Order Authorizing the Employment of Dinsmore & Shohl LLP as General Bankruptcy Counsel for Chapter 7 Trustee Amy L. Goldman; Declaration of Peter J. Mastan in Support Thereof; and Exhibits** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 26, 2023,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **September 26, 2023,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **September 26, 2023,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/26/2023 | Katrice Ortiz | /s/ Katrice Ortiz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

23

**In re Yao Lin**
**U.S.B.C. – San Fernando Division**
**Case No. 1:23-bk-10733-MB**

**I.**    **SERVED VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Amy L Goldman (TR)** marisol.jaramillo@lewisbrisbois.com,
  AGoldman@iq7technology.com;ecf.alert+Goldman@titlexi.com
- **Clifford P Jung** clifford@jyllp.com, ry@jyllp.com;jessica@jyllp.com
- **Alphamorlai Lamine Kebeh** akebeh@danninggill.com
- **Jonathan J. Lo** bankruptcy@lolollp.com, jonathan@lolollp.com
- **Karen Rinehart** krinehart@omm.com, karen-rinehart-3320@ecf.pacerpro.com
- **Zev Shechtman** zs@DanningGill.com,
  danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **United States Trustee (SV)** ustpregion16.wh.ecf@usdoj.gov

**II.**    **SERVED VIA REGULAR U.S. MAIL:**

**Debtor:**
Yao Lin
435 Woodbluff Rd
|Calabasas, CA 91302-2209

**III.**    **SERVED BY OVERNIGHT DELIVERY (FED EX ):**

**United States Bankruptcy Court**
Honorable Martin R. Barash
United States Bankruptcy Court - Central District of California
21041 Burbank Boulevard, Suite 342/Crtrm 303
Woodland Hills, CA 91367