**LO & LO LLP**
JONATHAN J. LO (SBN 305306)
jonathan@lolollp.com
KELVIN J. LO (SBN 314611)
kelvin@lolollp.com
BRENDAN T. MOLLOY (346921)
brendan@lolollp.com
506 North Garfield Avenue, Suite 280
Alhambra, California 91801
Telephone: 626.289.8838
Facsimile: 626.380.3333

Attorneys for Debtor
YAO LIN

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Case No. 1:23-bk-10733-MB |
| YAO LIN, | Chapter 7 |
| Debtor. | **DEBTOR YAO LIN'S OPPOSITION TO TRUSTEE'S NOTICE OF MOTION AND MOTION OF CHAPTER 7 TRUSTEE AMY L. GOLDMAN FOR AN ORDER (A) APPROVING SALE OF ESTATE CLAIMS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363 (f), (B) GRANTING PROTECTION TO BUYER AS A GOOD FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(m), (C) WAIVING STAY UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004, AND (D) GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)** |
| | Date:  May 6, 2025<br>Time:  11:00 a.m. PST<br>Place:  21041 Burbank Blvd., Crtrm 303<br>         Woodland Hills, CA 91367<br>Judge:  Hon. Martin R. Barash |



1

DEBTOR YAO LIN'S OPPOSITION TO TRUSTEE'S MOTION TO SELL ESTATE CLAIMS

1   **TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY**

2   **JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR, AND**

3   **PARTIES IN INTEREST:**

4          **PLEASE TAKE NOTICE** Debtor YAO LIN ("Debtor"), by his counsel of record, Lo &

5   Lo LLP, hereby submits this Opposition (the "Opposition") to the TRUSTEE'S NOTICE OF

6   MOTION AND MOTION OF CHAPTER 7 TRUSTEE AMY L. GOLDMAN FOR AN ORDER

7   (A) APPROVING SALE OF ESTATE CLAIMS FREE AND CLEAR OF ALL LIENS,

8   CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363 (f), (B)

9   GRANTING PROTECTION TO BUYER AS A GOOD FAITH PURCHASER PURSUANT

10  TO 11 U.S.C. § 363(m), (C) WAIVING STAY UNDER FEDERAL RULE OF BANKRUPTCY

11  PROCEDURE 6004, AND (D) GRANTING RELIEF FROM THE AUTOMATIC STAY

12  PURSUANT TO 11 U.S.C. § 362(d).

13         This Opposition is made and based upon the following Memorandum of Points and

14  Authorities, the papers and pleadings on file with the Clerk of the Court in the above captioned

15  bankruptcy action and adversary proceeding, all related proceedings, judicial notice which is

16  hereby respectfully requested pursuant to Federal Rule of Evidence 201, and such further

17  evidence and argument that may be presented to and considered by this Court at any hearing on

18  the Motion.

19  **I.      INTRODUCTION AND BACKGROUND**

20         As set forth in the Trustees Motion, Trustee seeks the courts approval to sell  Estate's

21  right, title, and interest in and to any and all claims and causes of action that the Estate has or

22  may have against any parties, including without limitation all claims, causes of action, and/or

23  avoidance actions and rights that the Estate has or may have under Chapter 5 of Title 11 of the

24  United States Code (the "Bankruptcy Code") and applicable nonbankruptcy law against Yao

25  Lin, Jia Chen, the Shinewoods Trust, Landford, LLC, and/or any other parties (collectively, the

26  "Estate Claims"), to Beijing Soufun Science and Technology Development Co., Ltd. (the

27  "Buyer") free and clear of all liens, claims, encumbrances and other interests pursuant to

28  Bankruptcy Code section 363(f) for $78,000. In addition, Trustee seeks authorization to enter

DEBTOR YAO LIN'S OPPOSITION TO TRUSTEE'S MOTION TO SELL ESTATE CLAIMS

1  the agreement to convey the Estate Claims to buyer; seeks a finding that the transaction was

2  arm's length; requests relief from the automatic stay; seeks a finding that adequate notice has

3  been provided; and that the Court retains jurisdiction.

4      Debtor opposes this motion on the ground that relief sought by Trustee is contradictory

5  in nature, fails to meet the test under Bankruptcy Code 363(f), that the transaction was not arm's

6  length, and is not in the best interest of the Estate because no bidding procedure was followed

7  and it appears Creditor Jia Chen is willing to purchase the Estate Claims for $80,000.

8      Trustee claims in his introduction that Debtor previously had significant assets and

9  enormous wealth, and that based on his investigation, the reason for Debtor's "supposed change

10  of fortune appears straightforward." Trustee then goes on to claim that he and his ex-wife Jia

11  Chen engaged in a deliberate scheme to defraud creditors. What is this alleged "scheme"? It is

12  in fact the unfortunate and regrettable divorce between Debtor and his ex-wife Jia Chen.

13      In or around 2014, more than 4 years before the arbitration award, Debtor's wife Jia

14  Chen caught Debtor cheating on her, they separated and then divorced. However, later that same

15  year they reunited, without revising their prior divorce/separation. In May of 2015, they

16  purchased the property at 27467 Latigo Bay View Drive in Malibu. On September 16, 2015,

17  plaintiff Beijing Soufun Science and Technology Development Co., Ltd. ("Plaintiff") entered

18  into an Agreement on Settlement of Outstanding Amount and the Termination of Nominee

19  Holding the Final Award (the "Termination Agreement") with Allscore Payment Services Co.,

20  Ltd. ("Allscore"); Beijing Zhonghan Hailian Assets Management Co., Ltd. ("Hailian"); and

21  Nanning Xuyin Business Co., Ltd. ("Xuyin"). Under the Termination Agreement, Allscore and

22  Hailian are jointly and severally liable for payment of an outstanding principal amount and

23  liquidated damages amount owed to Plaintiff in connection with a prior 2014 contractual

24  agreement. Additionally, on September 16, 2015, Plaintiff entered into a Guarantee Contract

25  (the "Guarantee Contract") with Mr. Lin, Beijing Longhe Trading Co. Ltd. ("Longhe") and

26  Xuyin.  Under the Guarantee Contract, Lin and Longhe are jointly and severally liable for all

27  obligations borne by Allscore and Hailian under the Termination Agreement. Then in July of

28  2017, after the arbitration against the Debtor had started, they purchased the property at 31663



DEBTOR YAO LIN'S OPPOSITION TO TRUSTEE'S MOTION TO SELL ESTATE CLAIMS

1    Broad Beach Road in Malibu. After Allscore failed to make payments in accordance with the

2    Termination Agreement—and Mr. Lin, Hailian, and Longhe failed to satisfy those payments in

3    accordance with their guarantor obligations under the Termination Agreement and Guarantee

4    Contract—Plaintiff submitted a breach of contract claim for arbitration before the China

5    International Economic and Trade Arbitration Commission ("CIETAC"). Then in 2018, Jia

6    Chen discovered that the debtor had continued his earlier affair after seeing messages on

7    Debtor's phone. Jia Chen recorded these messages by emailing them to herself including

8    evidence of a payment from Debtor to his affair partner in the approximate amount of five

9    million RMB or approximately $683,000.00 USD. Jia Chen immediately moved to divorce

10   Debtor again. Under the divorce settlement, Debtor kept all of their Chinese Assets, including

11   those Chinese assets which were originally separate property of Jia Chen, and AllScore which

12   was worth approximately $120 million at the time (Jia Chen gave up her community interest in

13   Allscore), and he agreed to pay alimony to Jia Chen.  In exchange, and because she was

14   expected to raise their three children, Jia Chen kept the marital real properties located in the

15   United States which were worth approximately $2 million (Debtor gave up his community

16   interest in these American-based assets).  Jia Chen also gave Debtor $3 million in connection

17   with their divorce settlement.

18        On September 6, 2019, the arbitration tribunal issued a final award ("Final Award") in

19   favor of Plaintiff and against Mr. Lin.

20        While Debtor and Jia Chen remarried in December 30, 2019, that was not as part of

21   some nefarious scheme to defraud creditors but part of a good faith effort on the part of Debtor

22   to make things right with Jia Chen and be present in the lives of his children with her. While

23   Debtor regrets his affair and the fact that it has to be brought up in a public setting the facts and

24   reality of the situation are that his wife Jia Chen rightfully divorced him, has taken certain assets

25   into her own name due to the divorce, and has not returned them to a joint status due to a lack of

26   trust of Debtor that must be rebuilt over time.

27        On March 23, 2023, the United States District Court for the Central District of

28   California (the "District Court") granted Plaintiff's Petition for Confirmation, Recognition, and



4

1    Enforcement of Foreign Arbitration Award (the "Enforcement Petition"), and entered judgment

2    on April 12, 2023 for $21,165,155.97, plus pre-judgment interest (the "Domestic Judgment").

3          Based on this timeline of events and the reality and evidence supporting Debtor's

4    defense the Trustee's decision to sell the Estate Claims for only $78,000 despite their supposed

5    value being in the millions shows the reality of their weakness. More importantly however, it is

6    not in the best interest of the Estate to sell these claims to Buyer without a bidding process as

7    creditor Jia Chen appears to be willing to purchase the claims for $80,000.

8    **II.    LEGAL ARGUMENT**

9          **A. Standard For Approval of Sale**

10          Under Bankruptcy Code section 363, a trustee may sell assets of the estate where "(1) a

11    sound business purpose exists for the sale; (2) the sale is in the best interest of the estate, i.e., the

12    sale price is fair and reasonable; (3) notice to creditors was proper; and (4) the sale is made in

13    good faith." *In re Slates*, 2012 Bankr. LEXIS 5159, No. EC-12-1168-KiDJu, at *31 (9th Cir.

14    BAP Oct. 31, 2012) (citing *In re Wilde Horse Enters., Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal.

15    1991); *In re Lionel Corp.*, 722 F.2d 1063, 1069 (2d Cir. 1983).

16          The decision to sell estate claims by a trustee may not be made in sound business purpose

17    if certain factors are present. These factors include improper or bad faith motives, unfair pricing,

18    lack of arm's length negotiations, inadequate procedures, insufficient market exposure, and

19    unreasonable notice to all parties in interest. *In re Scimeca Foundation, Inc.*, 497 B.R. 753

20    (2013). Additionally, the sale must be in the best interest of the estate and necessary and

21    beneficial to the fair and efficient resolution of proceedings. *In re Metropolitan Elec. Mfg. Co.*,

22    295 B.R. 7 (2003). Under business judgment test governing trustee's sale of estate property out

23    of ordinary course of debtor's business, court considers such factors as (1) any improper or bad

24    faith motive, (2) whether the price is fair and negotiations or bidding occurred at arm's length,

25    and (3) adequacy of procedure, including proper exposure to the market and accurate and

26    reasonable notice to all parties in interest. 11 U.S.C.A. § 363(b)(1). *In re Scimeca Found., Inc.*,

27    497 B.R. 753 (Bankr. E.D. Pa. 2013).

28

DEBTOR YAO LIN'S OPPOSITION TO TRUSTEE'S MOTION TO SELL ESTATE CLAIMS



1    As will be shown in further detail below Trustee's proposed sale does not satisfy these

2    requirements.

### B.  The Sale Is Not Supported by Sound Business Purpose

4    In Chapter 7 proceedings, the trustee is obligated to reduce to money assets of the estate.

5    11 U.S.C. § 704(a)(1). In reducing to money assets of the estate, the trustee's primary duty in

6    selling estate assets is to maximize the value of the estate. This principle is well-established in

7    bankruptcy law, as the trustee must obtain the highest price or greatest overall benefit possible

8    for the estate. *In re GSC, Inc.*, 453 B.R. 132 (2011). The trustee's decision should be undertaken

9    with the goal of maximizing the value of the estate, and this duty is an obligation to the estate as

10   a whole, not to individual creditors. *In re GSC, Inc.*, 453 B.R. 132 (2011). The trustee must

11   articulate a sound business justification for the sale. If the trustee fails to provide a sound

12   business justification, the court may reject the sale. *In re Family Christian, LLC*, 533 B.R. 600

13   (2015).

14   Here, the Trustee argues that the decision to sell the Estate claims is supported by a

15   sound business purposes because it will allow the Estate to immediately monetize the value of

16   the claims, pay administrative expenses, professional fees, and the other creditor's claim in full.

17   The Trustee further argues that it would allow the Estate to avoid the potential costs and risks

18   involved in litigating the Estate Claims. However, the sale of the Estate Claims allegedly worth

19   millions for $78,000 likely will not accomplish more for the creditors of the Estate than paying

20   the administrative expenses and professional fees of the Trustee. Furthermore, while Trustee

21   claims that the Buyer is the only potential buyer for the Estate Claims schedule E/F of Debtor's

22   bankruptcy petition lists creditors such as American Express ($4,896.00); China Overseas

23   Scholars Foundation ($1,500,000.00); Jia Chen ($2,000,000.00); Jia Chen ($43,200,000.00);

24   Shanghai Aiwu Investment Co. ($20,000,000.00); and Yubo Zhang ($1,500,000.00). These

25   other creditors of the estate will likely not be paid by the funds generated from this sale

26   meaning that the Estate does not benefit as a whole but instead the Trustee and the Buyer are the

27   only parties that will benefit from this sale. If the Trustee is so confident that the value of these

28



DEBTOR YAO LIN'S OPPOSITION TO TRUSTEE'S MOTION TO SELL ESTATE CLAIMS

1  claims is in the millions of dollars it is nonsensical to state that the value of the estate is

2  maximized by the sale of those claims to an individual creditor for pennies on the dollar.

3       Accordingly, the Trustee has failed to articulate a sound business justification for his

4  decision to sell and the sale should be disapproved.

5  **C. The Purchase Price Is Not Fair or Reasonable**

6       The trustee must show that the sale is in the best interest of the estate, that it is fair and

7  reasonable, has been given adequate marketing, has been negotiated and proposed in good faith,

8  and that the purchaser is proceeding in good faith. *In re Baroni*, 654 B.R. 334 (2023).

9       The absence of competitive bidding can raise concerns about whether the trustee has

10  obtained the best possible price for the estate assets. The trustee must demonstrate that the

11  proposed purchase price is the highest and best offer, and competitive bidding is a key

12  mechanism to ensure this. *In re Nicole Energy Services, Inc.*, 385 B.R. 201 (2008). If the trustee

13  fails to adequately market the estate property or does not conduct a transparent auction process,

14  the court may disapprove the proposed sale. *In re Las Cruces Country Club, Inc.*, 585 B.R. 239

15  (2018). The court has the power to disapprove a proposed sale recommended by the trustee if it

16  knows that there is another proposal in hand which, from the estate's point of view, is better or

17  more acceptable. *In re Sunland, Inc.*, 507 B.R. 753 (2014). Finally, Chapter 7 trustee has a duty

18  to use reasonable efforts to maximize the sale of estate property; thus, faced with two bona fide

19  offers on substantially similar terms, trustee should accept the higher proposal. *In re Scimeca*

20  *Found., Inc.*, 497 B.R. 753 (Bankr. E.D. Pa. 2013)

21       Here, Trustee admits in her briefing that she approached the Buyer, and the Buyer only,

22  regarding the purchase of the Estate Claims. Through this allegedly "arm's length transaction"

23  the trustee managed to obtain a $78,000.00 sale price for claims that the Trustee had already

24  "developed a strategy" for valued in the millions of dollars. The Trustee did not engage in a

25  bidding process or adequately market these claims. In fact, the Trustee did not market these

26  claims at all apart from speaking to the Buyer. As stated above there are five creditors in

27  addition to the Buyer all of whom may have desired to buy the Estate Claims. In fact, Jia Chen,

28  as a creditor of the estate, also has standing to be a potential buyer of these claims and appears



DEBTOR YAO LIN'S OPPOSITION TO TRUSTEE'S MOTION TO SELL ESTATE CLAIMS

1    to be willing to outbid the Buyer in the amount of $80,000.00. None of the other creditors of the

2    Estate were given the opportunity to bid and are going to be harmed by the sale of the Estate

3    Claims for a measly $78,000.00. Thus, it is readily apparent that had a transparent auction

4    process occurred the value of the sale of the Estate Claims could have been better maximized

5    for the sake of the Estate as a whole. The reality appears to be that the Trustee believes her

6    claims are weak and has decided to offload them, favoring one creditor over the others, in order

7    to pay her own fees and expenses at the expense of the Estate.

8        Accordingly, the Trustee has failed to obtain a fair and reasonable price for the Estate

9    Claims and the sale should be disapproved because higher bids potentially exist and have not

10   been considered by the Trustee.

11        **D. There Should Be No Relief from Stay**

12        Trustee requests that the Buyer be granted relief from the automatic stay under

13   Bankruptcy Code section 362(a) to the extent necessary to pursue and collect the Estate Claims.

14   Although the Estate Claims would no longer be property of the Estate following the sale to the

15   Buyer, the automatic stay under Bankruptcy Code section 362(a) still prohibits, among other

16   things, the commencement or continuation of an action to recover a claim against the debtor,

17   enforcement of a judgment against the debtor, acts to obtain possession of property of the estate

18   or of property from the estate or to exercise control over property of the estate, and acts to

19   collect, assess, or recover a claim against the debtor. 11 U.S.C. § 362. Bankruptcy Code section

20   362(d) provides that the Court may grant relief from the automatic stay for cause. 11 U.S.C. §

21   362(d). "Because there is no clear definition of what constitutes "cause," discretionary relief

22   from the stay must be determined on a case-by-case basis." *In re Mac Donald*, 755 F.2d 715,

23   717 (9th Cir. 1985).

24        Given that the sale of the Estate Claims is not supported by a sound business purpose

25   and because the sales price is not fair and reasonable the sale should be disapproved. As a

26   result, there should be no relief from stay.  If the sale is not disapproved, the 362(a) stay should

27   not be lifted. The bankruptcy court is the proper venue to litigate the Estate Claims and so it is

28   unnecessary for the stay to be lifted and the Trustee and Buyer have not presented any cause



DEBTOR YAO LIN'S OPPOSITION TO TRUSTEE'S MOTION TO SELL ESTATE CLAIMS

1  beyond the necessity of lifting the stay to incentivize the Buyer to purchase the Estate Claims.

2  That argument ignores the fact that the Estate Claims can be pursued in this bankruptcy action

3  with court approval.

4  **VII.    CONCLUSION**

5       For all of the preceding reasons and more, Trustee's proposed sale of the Estate Claims

6  should be disapproved and the stay should remain in place.  The Trustee failed to adequately

7  market and engage in a bidding procedure between the Creditors before deciding to sell the

8  Estate Claims allegedly worth millions of dollars for only $78,000.00 to one particular Creditor

9  and there are other potential buyers including creditor Jia Chen who appear to be willing to bid

10  more for the Estate Claims.

11

12  Dated: April 22, 2025                                    LO & LO LLP

13

14                                            By:_____

15                                           Jonathan J. Lo

16                                           Kelvin J. Lo
                                         Brendan T. Molloy

17                                           Attorneys for Debtor
                                         YAO LIN

18

19

20

21

22

23

24

25

26

27

28



# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 506 North Garfield Avenue, Suite 280, Alhambra, CA 91801

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR YAO LIN'S OPPOSITION TO TRUSTEE'S NOTICE OF MOTION AND MOTION OF CHAPTER 7 TRUSTEE AMY L. GOLDMAN FOR AN ORDER (A) APPROVING SALE OF ESTATE CLAIMS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363 (f), (B) GRANTING PROTECTION TO BUYER AS A GOOD FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(m), (C) WAIVING STAY UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004, AND (D) GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **04/22/2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Amy L Goldman (TR)
marisol.jaramillo@lewisbrisbois.com, AGoldman@iq7technology.com;ecf.alert+Goldman@titlexi.com

Clifford P Jung on behalf of Creditor Industrial and Commercial Bank of China (USA) NA
curtis@jyllp.com, ry@jyllp.com;jessica@jyllp.com

Jonathan J. Lo on behalf of Debtor Yao Lin
contact@lolollp.com, jonathan@lolollp.com

Kelvin J Lo on behalf of Defendant Yao Lin
kelvin@lolollp.com

Peter J Mastan on behalf of Trustee Amy L Goldman (TR)
peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com

Leodis Clyde Matthews on behalf of Plaintiff Beijing Soufun Science and Technology Development Co., Ltd.
leodismatthews@zhonglun.com

Brian M Metcalf on behalf of Trustee Amy L Goldman (TR)
brian.metcalf@dinsmore.com, brian-metcalf-9774@ecf.pacerpro.com;katrice.ortiz@dinsmore.com

Jonathan Serrano on behalf of Trustee Amy L Goldman (TR)
Jonathan@MarguliesFaithLaw.com, vicky@marguliesfaithlaw.com;angela@marguliesfaithlaw.com;amber@marguliesfaithlaw.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

10

---



**2. SERVED BY UNITED STATES MAIL**:

On **04/22/2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

PRESIDING JUDGE

Honorable Martin R. Barash
United States Bankruptcy Court – Central
District of California
21041 Burbank Boulevard, Suite 342/Crtrm 303
Woodland hills, CA 91367

CREDITORS

Employment Development Dept.
Bankruptcy Group MIC 92E
P. O. Box 826880
Sacramento, CA 94280-0001

Franchise Tax Board
Bankruptcy Section MS: A-340
P. O. Box 2952
Sacramento, CA 95812-2952

Industrial and Commercial
Bank of China (USA
388 E Valley Blvd., Unit 18
Alhambra, CA 91801-5117

Industrial Commercial Bank of China
168 West Valley Blvd.
San Gabriel, CA 91776-3723

Office of Finance,
City of Los Angeles
200 N Spring St., RM 101 City Hall
Los Angeles, CA 90012-3224

San Fernando Valley Division
21041 Burbank Blvd,
Woodland Hills, CA 91367-6606

American Express
PO BOX 981537
El Paso, TX 79998-1537

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

Beijing SouFun Sci. &
Tech. Dev. Co
c/o Marc Feinstein
400 S. Hope Street, 18th Floor
Los Angeles, CA 90071-2801

China Overseas Scholars Foundation
111 NanHeYan Street
DongCheng District
Beijing, China

Shanghai Aiwu Investment Co.
Laiyifen Plaza,
1339 HuSongGongLu
Songjiang District
Shanghai, China

Yubo Zhang
JingKongXiaoQu 10-8-81
RiZhao St., Dongan District
Mudanjiang
Heilongjiang, China

☐ Service information continued on attached page

11



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
(state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on
(*date*) _____, I served the following persons and/or entities by personal delivery, overnight
mail service, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or
overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and
correct.

| 04/22/2025 | Kelvin J. Lo | /s/ Kelvin J. Lo |
|------------|--------------|------------------|
| *Date* | *Printed Name* | *Signature* |



DEBTOR YAO LIN'S OPPOSITION TO TRUSTEE'S MOTION TO SELL ESTATE CLAIMS