Peter J. Mastan (SBN 190250)
peter.mastan@dinsmore.com
Brian M. Metcalf (SBN 205809)
brian.metcalf@dinsmore.com
**DINSMORE & SHOHL LLP**
550 S. Hope Street, Suite 1765
Los Angeles, CA 90071
Telephone: 213.335.7737

Counsel to Amy L. Goldman,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>YAO LIN,<br><br>      Debtor. | Case No. 1:23-bk-10733-MB<br><br>Chapter 7<br><br>**REPLY TO DEBTOR YAO LIN'S OPPOSITION TO MOTION OF CHAPTER 7 TRUSTEE AMY L. GOLDMAN FOR AN ORDER (A) APPROVING SALE OF ESTATE CLAIMS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363 (f), (B) GRANTING PROTECTION TO BUYER AS A GOOD FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(m), (C) WAIVING STAY UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004, AND (D) GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d); DECLARATION OF BRIAN M. METCALF IN SUPPORT THEREOF**<br><br>Date:    May 6, 2025<br>Time:   11:00 a.m.<br>Ctrm:   303<br>           21041 Burbank Blvd.<br>           Woodland Hills, CA  91367<br>Judge:  Hon. Martin R. Barash |

#61002891v3

## I.   **INTRODUCTION**

The Debtor's[1] opposition to the Motion is meritless, should not have been filed or maintained, and the Trustee should not have been forced to respond to it.  In the first place, as this Court has observed "under black-letter law in this Circuit [that has existed for] nearly 40 years" the Debtor "lacks standing to challenge the Trustee's administration of the estate unless [he] provides admissible evidence that [he] has a pecuniary interest in the estate or in the specific asset or claim at issue."  *In re Baroni*, 643 B.R. 253, 284-87 (Bankr. C.D. Cal. 2022).  In this case, the Debtor has not shown and cannot possibly show that he has any potential pecuniary interest in the Estate Claims.  That is because he is "hopelessly insolvent", in part due to the comprehensive intentional and constructive fraudulent transfers of assets to his wife/ex-wife/wife Chen, and claims to have no meaningful financial resources while more than *$21 million* in allowed claims have been filed against the Estate.[2]  *Id.*  Thus, the Debtor plainly "lacks standing to challenge the Trustee's administration of the estate", much less object to the sale of the Estate Claims and related relief, as a matter of law.  *Id.*  The Debtor's lack of standing to object to the relief sought by the Trustee is dispositive and mandates denial of the opposition on that basis alone.

Even if that were not the case, the arguments the Debtor advances to obstruct the sale and derail pursuit of the Estate Claims against Chen and affiliated entities are objectively preposterous, not supported by *any* evidence, and have no good faith basis in fact or law.  As an initial matter, although the Debtor represents that other purported creditors will supposedly not benefit from the transaction, he equally lacks standing to raise these third party objections and the hollow

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Motion of Chapter 7 Trustee Amy L. Goldman for an Order (A) Approving Sale of Estate Claims Free and Clear of All Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. § 363(f), (B) Granting Protection to Buyer as a Good Faith Purchaser Pursuant to 11 U.S.C. § 363(m), (C) Waiving Stay Under Federal Rule of Bankruptcy Procedure 6004, and (D) Granting Relief From the Automatic Stay Pursuant to 11 U.S.C. § 362(d)* [Docket No. 61] (the "Motion").

[2]    As explained in the Motion, only two proofs of claim were filed in the Case that may be entitled to a distribution from the Estate.  Although the Debtor references other dubious claims listed in his schedules – including alleged debts of *more than $45 million* owed to his own wife/ex-wife/wife Chen – those creditors did not file proofs of claim and, thus, cannot have allowed claims or receive any distributions from the Estate.  *See* Fed. R. Bankr. P. 3002(a).  Nevertheless, even if the scheduled claims were considered, it would simply deepen the Debtor's overwhelming insolvency to more than $91 million in aggregate liabilities.  *See* Declaration of Brian M. Metcalf (the "Metcalf Decl.") at ¶ 4.

lamentations on their behalf are facially absurd, in particular because *none of them have objected to the Motion*. Indeed, because the Debtor claims to have no assets and strives to discharge his significant liabilities while paying creditors *nothing* in this Case, his complaint that the proceeds are supposedly inadequate for third party creditors that never objected to the sale of the Estate Claims (and are not entitled to receive distributions from the Estate) is not remotely credible.

Substantively, the Debtor's objections are based on a series of misrepresentations and accusations that the Trustee seeks approval of the proposed sale of the Estate Claims "in order to pay her own fees and expenses at the expense of the Estate" and it "likely will not accomplish more for the creditors of the Estate than paying the administrative expenses and professional fees of the Trustee." Opposition at 6-7. These claims are false, and the Debtor and counsel should not have advanced them to the Court because they know or should have known their assertions have no basis in fact or law. Again, only two proofs of claim were filed in the Case that may receive distributions from the Estate, including by the Buyer. While the Buyer's allowed and undisputed claim against the Estate exceeds $21 million, the other allowed claim is approximately $10,000. As part of the transaction, the Buyer has agreed to subordinate its $21 million claim to the only other allowed claim, and the proceeds obtained from the Purchase Price will be used to pay that claim *in full* and cover the administrative expenses and professional fees of the Estate. As a result, the only other creditor with an allowed claim will receive a full recovery, funds will be made available for administrative expenses and professional fees, the Estate will avoid the costs and risks of litigation, and the Buyer can pursue the Estate Claims on its own behalf and at its own expense to recover on its $21 million allowed and undisputed claim.

## II. ARGUMENT

### A. The Debtor Lacks Standing to Oppose the Sale of the Estate Claims

The Trustee understands that the Court follows well-established law holding the Debtor "lacks standing to challenge the Trustee's administration of the estate unless [he] provides admissible evidence that [he] has a pecuniary interest in the estate or in the specific asset or claim at issue." *Baroni*, 643 B.R. at 286. In particular, as the Court previously noted, "courts in the Ninth Circuit have determined that, unless they demonstrate a pecuniary interest in the bankruptcy estate

or in the asset or debt at issue, chapter 7 debtors lack standing to . . . object to the sale of assets of the estate." *Id.* 643 B.R. at 285 (citing *In re Benham*, 678 Fed. Appx. 474, 475-76 (9th Cir. 2017).

Here, the Debtor has not even asserted he has a pecuniary interest in the Estate Claims that could give him standing to object to the Motion. Nor has the Debtor provided admissible evidence showing he has the required pecuniary interest to establish standing to object to the Trustee's sale of the Estate Claims or administration of the Estate. In fact, even though the Debtor was required to present "declarations and copies of all evidence on which [he] intends to rely" and the "[f]actual contentions involved in [his] . . . opposition. . . must be presented, heard, and determined upon declarations and other written evidence," he has submitted no evidence at all. LBR 9013-1(f)(2), (i). Simply stated, the Debtor has not either argued or attempted to show that he has an economic interest in the Estate Claims that grants him standing to object to the Motion in the first place.

While the Trustee is not obligated to establish that the Debtor lacks an economic interest in the Estate Claims and has no standing to oppose the Motion, the available record still conclusively demonstrates he is woefully insolvent and there is no realistic possibility the value of the Estate Claims could ever result in a surplus for his benefit. Indeed, because the allowed claims against the Estate are approximately $21 million, the sales proceeds from the Estate Claims would have to *exceed $21 million* before the Debtor could even be eligible to receive any residual amount. To the extent the liabilities from the Debtor's schedules were considered, the net sales proceeds would have to *exceed $91 million*. *See* Metcalf Decl. at ¶ 4.

Nevertheless, the Debtor's counsel has recently suggested they may raise the new claim that "[i]f the transfers of the Malibu properties are avoided and brought into the estate, a surplus estate could exist with a payout to Debtor, especially given that the judgment creditor's claim is in dispute." The notion is farcical for multiple reasons. First, the Debtor did not assert he had any potential economic interest in the Estate Claims in the opposition. Second, there is no evidence that the value of the Estate Claims or "Malibu properties" exceed the $21 million in allowed claims against the Estate. Third, the Debtor's own schedules indicate that he has over $91 million in net liabilities. Fourth, the Debtor's schedules further indicate that he *does not dispute the Buyer's claim*. On the contrary, the Debtor scheduled a claim owed to the Buyer in the amount of

3

1  $21,165,155.97 that is not contingent, unliquidated, or disputed, and stated under penalty of

2  perjury that the information was true and correct.  *Id.* at ¶ 5, Ex. 1.

3  In short, the Debtor is "hopelessly insolvent," has no possible pecuniary interest in the

4  Estate Claims, and fundamentally lacks standing to object to the Motion.  *Baroni*, 643 B.R. at 285

5  (quoting *Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 443 (9th Cir. 1983)).

6  **B.** **The Debtor Misrepresents the Terms for the Proposed Sale of the Estate Claims**

7  The Debtor does not dispute that the Trustee has the duty to liquidate and monetize the

8  assets of the Estate, selling the Estate Claims is an appropriate course of action for the Trustee, or

9  the decision is subject to the deferential business standard.  Instead, the Debtor effectively accuses

10 the Trustee of malfeasance by "favoring one creditor over the others, in order to pay her own fees

11 and expenses at the expense of the Estate" and alleging the sale of the Estate Claims "likely will not

12 accomplish more for the creditors of the Estate than paying the administrative expenses and

13 professional fees of the Trustee" and "other creditors of the estate will likely not be paid by the

14 funds generated from this sale meaning that the Estate does not benefit as a whole but instead the

15 Trustee and the Buyer are the only parties that will benefit from this sale."  Opposition at 6-7.

16 The Debtor's aspersions against the Trustee and misrepresentations regarding the sale terms

17 are blatantly false.  As set forth in the Motion and supporting record, there are only two creditors

18 that filed proofs of claim and may receive distributions from the Estate, including the Buyer.  The

19 proceeds from the Purchase Price will be used by the Trustee to pay the only other allowed claim

20 held by American Express National Bank in full and then applied to the administrative expenses

21 and professional fees of the Estate.  To facilitate the transaction, the Buyer further agreed that the

22 Purchase Price could exclusively be used by the Trustee for these purposes and waived any

23 distribution from the proceeds.

24 Although the Debtor references other scheduled claims (including implausible debts to his

25 wife/ex-wife/wife Chen exceeding $45 million) and complains they "will likely not be paid by the

26 funds generated from this sale", those purported creditors *never filed proofs of claim* and the time to

27 do so has long since passed.  Consequently, to the extent the "other creditors of the estate will likely

28 not be paid by the funds generated from this sale," it is because they do not have allowed claims

4

and are not ineligible to even receive distributions from the Estate. *See* Fed. R. Bankr. P. 3002(a); 11 U.S.C. § 726(a).

Under these circumstances, the sale of the Estate Claims will result in the only other allowed claim against the Estate being *paid in full* while the Buyer receives none of the proceeds. Importantly, in the absence of this arrangement the Buyer would recover more than 99.99% of the proceeds derived from the Estate Claims given the magnitude of its allowed claim against the Estate, while the holder of the other allowed claim would receive practically nothing. Thus, "from the estate's point of view" the proposed sale of the Estate Claims that will make funds available to pay the only other allowed claim in full and relieve the Estate from the burdens, costs, and risks inherent to litigation is a proper exercise of the Trustee's business judgment and the Purchase Price is fair and reasonable. Opposition at 8 (citing *In re Sunland, Inc.*, 507 B.R. 753 (2014)).

Moreover, the terms of the proposed sale to the Buyer are objectively "better or more acceptable" than any illusory proposal the Debtor speculates Chen "appears to be willing" to make for the Estate Claims. *Id*. As a starting point, Chen is the primary target of the Estate Claims, she did not object to the Motion or make any offer to the Trustee, and there is no evidence or basis to believe the Trustee is "faced with two bona fide offers" for the Estate Claims that actually exist. *Id.* (citing *In re Scimeca Found., Inc.*, 497 B.R. 753 (Bankr. E.D. Pa. 2013)). Instead, the nominal additional $2,000 that Chen supposedly "appears to be willing" to pay for the Estate Claims evidences that the Debtor and Chen are simply trying to obstruct the sale and pursuit of the Estate Claims by the Buyer and avoid significantly greater potential liability. Stated differently, it is apparent that the Debtor and Chen have no intent to make a "bona fide offer[]" to the Trustee for the Estate Claims that approximates their actual exposure, and they are only making phony token offers for the lowest amount possible in an effort to evade the risk that their fraudulently transferred assets will ultimately be recovered.

Regardless, in addition to not constituting a "bona fide offer[]", it also would not be "on substantially similar terms" because there would be no consensual arrangement with the Buyer to subordinate its $21 million claim to the only other allowed claim against the Estate. *Id.* As a result, rather than achieving a guaranteed recovery of 100% of its claim, at maximum the other creditor

might receive only *.0004%* of any remaining proceeds given the size of the Buyer's allowed and undisputed claim against the Estate. Therefore, "from the estate's point of view" the sale of the Estate Claims to the Buyer is both far "better [and] more acceptable" than the unsubstantiated and equivocal proposal the Debtor thinks Chen "appears to be willing" to make for them. *Id.*

### C. The Buyer Should Be Granted Relief from the Automatic Stay

The Debtor also has not shown that he has any pecuniary interest at stake if relief from the automatic stay were granted to the Buyer to the extent necessary to pursue and collect the Estate Claims. Indeed, since the Debtor claims to have no assets, has no interest in the Estate Claims, and does not dispute the Buyer's allowed $21 million claim, granting relief from stay to the Buyer for these purposes would not appear to have any direct, adverse financial effect on the Debtor or present any economic risk to him. However, in the event that the Court has any concern about the potential scope of relief from stay relative to the Debtor, the Trustee can appropriately limit its application to that extent in the order approving the Motion. Otherwise, the Debtor should not impede or dictate the venue in which the Buyer elects to pursue the Estate Claims, in particular against non-debtor third parties such as Chen.

### III. CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court deny the Debtor's objection and grant the Motion in its entirety.

DATED: April 29, 2025

Respectfully submitted,

DINSMORE & SHOHL LLP

By: */s/ Brian M. Metcalf*
   Peter J. Mastan
   Brian M. Metcalf
Counsel to Amy L. Goldman,
Chapter 7 Trustee

# DECLARATION OF BRIAN M. METCALF

I, Brian M. Metcalf, declare:

1. I am an attorney admitted to practice before this Court at Dinsmore & Shohl LLP, counsel to Amy L. Goldman, the Chapter 7 Trustee of the bankruptcy of Yao Lin in the above-captioned bankruptcy case. Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Motion of Chapter 7 Trustee Amy L. Goldman for an Order (A) Approving Sale of Estate Claims Free and Clear of All Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. § 363(f), (B) Granting Protection to Buyer as a Good Faith Purchaser Pursuant to 11 U.S.C. § 363(m), (C) Waiving Stay Under Federal Rule of Bankruptcy Procedure 6004, and (D) Granting Relief From the Automatic Stay Pursuant to 11 U.S.C. § 362(d)* [Docket No. 61] (the "Motion").

2. Except as expressly stated otherwise, I have personal knowledge of the facts set forth below and could and would competently testify under oath thereto if requested to do so.

3. This declaration is being submitted in support of the *Reply to Debtor Yao Lin's Opposition to Motion of Chapter 7 Trustee Amy L Goldman for an Order (A) Approving Sale of Estate Claims Free and Clear of All Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. 363(f), (B) Granting Protection to Buyer as a Good Faith Purchaser Pursuant to 11 U.S.C. § 363 (m), (C) Waiving Stay Under Federal Rule of Bankruptcy Procedure 6004, and (D) Granting Relief From the Automatic Stay* (the "Reply").

4. The Court may take judicial notice of the following:

    (a) On May 9, 2023, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code and an accompanying summary of assets and liabilities, schedules, and statement of financial affairs (collectively, the "Petition") [Docket No. 1].

    (b) The Debtor signed the Petition and related forms under penalty of perjury and stated that he had read them and the answers and information he provided were true and correct. *See* Petition at 6, 32.

|   |     |                                                                                                 |
|---|-----|-------------------------------------------------------------------------------------------------|
|   | (c) | The summary of assets and liabilities filed by the Debtor indicate that he had assets totaling $2,816.29 and liabilities totaling $91,500,072.97.  *See* Petition at 9. |
|   | (d) | The schedules filed by the Debtor list an undisputed claim owed to Beijing Soufun Science and Technology Development Co., Ltd. in the amount of $21,165,155.97.  *See* Petition at 21. |
|   | (e) | On June 12, 2023, the Debtor filed amended schedules that adjusted the total value of his assets to $128,192.77 [Docket No. 10]. |
|   | (f) | The Petition and schedules, as amended, reflect that the Debtor listed assets valued at $128,192.77 and liabilities that total $91,500,072.97, thereby indicating that the Debtor's scheduled liabilities exceed the value of his scheduled assets by $91,371,880.20. |

5.　Attached hereto as **Exhibit 1** is a true and correct copy of excerpts from the Petition and schedules showing the Debtor listed a claim owed to Beijing Soufun Science and Technology Development Co., Ltd. in the amount of $21,165,155.97 that is not contingent, unliquidated, or disputed, and stated under penalty of perjury that the information was true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 29th day of April, 2025 in Santa Barbara, California.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ *Brian M. Metcalf*
　　　　　　　　　　　　　　　　　　　　　　　　BRIAN M. METCALF

# EXHIBIT 1

Debtor 1  **Yao Lin**                                   Case number *(if known)*

| | | |
|---|---|---|
| 4.2 | **Beijing SouFun Sci. & Tech. Dev. Co** <br> Nonpriority Creditor's Name <br> **c/o Marc Feinstein** <br> **400 S. Hope Street,** <br> **18th Floor** <br> **Los Angeles, CA 90071** <br> Number Street City State Zip Code | Last 4 digits of account number _____   **$21,165,155.97** <br> When was the debt incurred?   **9/2017** |

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Case No. 22STCV30434 Personal guarantor on business loan to Allscore.**

---

| | | |
|---|---|---|
| 4.3 | **China Overseas Scholars Foundation** <br> Nonpriority Creditor's Name <br> **111 NanHeYan Street** <br> **DongCheng District** <br> **Beijing, China** <br> Number Street City State Zip Code | Last 4 digits of account number _____   **$1,500,000.00** <br> When was the debt incurred?   **12/2018** |

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Personal guarantor on business loan.**

---

| | | |
|---|---|---|
| 4.4 | **Jia Chen** <br> Nonpriority Creditor's Name <br> **435 WOODBLUFF RD** <br> **Calabasas, CA 91302** <br> Number Street City State Zip Code | Last 4 digits of account number _____   **$2,000,000.00** <br> When was the debt incurred?   **6/2020** |

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

■ Contingent
■ Unliquidated
■ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Personal loan for the benefit of Debtor's company, Allscore.**

---

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Yao Lin** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number (if known) | | | |

☐ Check if this is an amended filing

Official Form 106Dec
# Declaration About an Individual Debtor's Schedules                              12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Sign Below

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

■ No

☐ Yes. Name of person _____ Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X /s/ Yao Lin                                    X _____
**Yao Lin**                                      Signature of Debtor 2
Signature of Debtor 1

Date **May 29, 2023**                            Date _____

Official Form 106Dec          **Declaration About an Individual Debtor's Schedules**

Exhibit 1, page 11

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

550 S. Hope Street, Suite 1765
Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled **REPLY TO DEBTOR YAO LIN'S OPPOSITION TO MOTION OF CHAPTER 7 TRUSTEE AMY L. GOLDMAN FOR AN ORDER (A) APPROVING SALE OF ESTATE CLAIMS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363 (f), (B) GRANTING PROTECTION TO BUYER AS A GOOD FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(m), (C) WAIVING STAY UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004, AND (D) GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d); DECLARATION OF BRIAN M. METCALF IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 29, 2025,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **April 29, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **April 29, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/29/2025 | Katrice Ortiz | /s/ Katrice Ortiz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**In re Yao Lin**
**U.S.B.C. – San Fernando Division**
**Case No. 1:23-bk-10733-MB**

## I. SERVED ELECTRONICALLY VIA NEF:

- **Amy L Goldman (TR)** marisol.jaramillo@lewisbrisbois.com, AGoldman@iq7technology.com;ecf.alert+Goldman@titlexi.com
- **Clifford P Jung** curtis@jyllp.com, ry@jyllp.com;jessica@jyllp.com
- **Jonathan J. Lo** contact@lolollp.com, jonathan@lolollp.com
- **Kelvin J Lo** kelvin@lolollp.com
- **Peter J Mastan** peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
- **Leodis Clyde Matthews** leodismatthews@zhonglun.com
- **Brian M Metcalf** brian.metcalf@dinsmore.com, brian-metcalf-9774@ecf.pacerpro.com;katrice.ortiz@dinsmore.com
- **Jonathan Serrano** Jonathan@MarguliesFaithLaw.com, vicky@marguliesfaithlaw.com;angela@marguliesfaithlaw.com;amber@marguliesfaithlaw.com
- **United States Trustee (SV)** ustpregion16.wh.ecf@usdoj.gov

## II. SERVED VIA REGULAR U.S. MAIL:

**Debtor:**
Yao Lin
435 Woodbluff Rd
Calabasas, CA 91302-2209

Jia Chen
Yao Lin
Trustee to Shinewoods Trust, Dated October 8, 2021
435 Woodbluff Rd
Calabasas, CA 91302-2209

Jia Chen
Yao Lin
Trustee to Shinewoods Trust, Dated October 8, 2021
31663 Broad Beach Rd.
Malibu, CA 90265

Jia Chen
435 Woodbluff Rd
Calabasas, CA 91302-2209

**CREDITORS AND INTERESTED PARTIES**

| | |
|---|---|
| Employment Development Dept.<br>Bankruptcy Group MIC 92E<br>P. O. Box 826880<br>Sacramento, CA 94280-0001 | Franchise Tax Board<br>Bankruptcy Section MS: A-340<br>P. O. Box 2952<br>Sacramento, CA 95812-2952 |

| | |
|---|---|
| Industrial and Commercial Bank of China (USA<br>388 E Valley Blvd., Unit 18<br>Alhambra, CA 91801-5117 | Beijing SouFun Sci. & Tech. Dev. Co<br>c/o Marc Feinstein<br>400 S. Hope Street, 18th Floor<br>Los Angeles, CA 90071-2801 |
| Office of Finance,<br>City of Los Angeles<br>200 N Spring St., RM 101 City Hall<br>Los Angeles, CA 90012-3224 | China Overseas Scholars Foundation<br>111 NanHeYan Street<br>DongCheng District<br>Beijing, China |
| San Fernando Valley Division<br>21041 Burbank Blvd,<br>Woodland Hills, CA 91367-6606 | Industrial Commercial Bank of China<br>168 West Valley Blvd.<br>San Gabriel, CA 91776-3723 |
| American Express<br>PO BOX 981537<br>El Paso, TX 79998-1537 | Shanghai Aiwu Investment Co.<br>Laiyifen Plaza,<br>1339 HuSongGongLu<br>Songjiang District<br>Shanghai, China |
| American Express National Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern PA 19355-0701 | Yubo Zhang<br>JingKongXiaoQu 10-8-81<br>RiZhao St., Dongan District<br>Mudanjiang<br>Heilongjiang, China |

III. **SERVED VIA OVERNIGHT DELIVERY (FED EX):**

**United States Bankruptcy Court**
Honorable Martin R. Barash
United States Bankruptcy Court – Central District of California
21041 Burbank Boulevard, Suite 342/Crtrm 303
Woodland hills, CA 91367

2