Peter J. Mastan (SBN 190250)
peter.mastan@dinsmore.com
Brian M. Metcalf (SBN 205809)
brian.metcalf@dinsmore.com
**DINSMORE & SHOHL LLP**
550 S. Hope Street, Suite 1765
Los Angeles, CA 90071
Telephone: 213.335.7737

Counsel to Amy L. Goldman,
Chapter 7 Trustee

**FILED & ENTERED**

**MAY 30 2025**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY Cetulio    DEPUTY CLERK**

**CHANGES MADE BY COURT**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

In re:

YAO LIN,

     Debtor.

Case No. 1:23-bk-10733-MB

Chapter 7

**ORDER GRANTING MOTION OF CHAPTER 7 TRUSTEE AMY L. GOLDMAN AN ORDER (A) APPROVING SALE OF ESTATE CLAIMS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363 (f), (B) GRANTING PROTECTION TO BUYER AS A GOOD FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(m), (C) WAIVING STAY UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004, AND (D) GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)**

Hearing
Date:    May 20, 2025
Time:    11:00 a.m.
Ctrm:    303
           21041 Burbank Blvd.
           Woodland Hills, CA  91367
Judge:   Hon. Martin R. Barash

#61442794v1

The Court, having considered the *Motion of Chapter 7 Trustee Amy L. Goldman for an Order (A) Approving Sale of Estate Claims Free and Clear of All Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. § 363(f), (B) Granting Protection to Buyer as a Good Faith Purchaser Pursuant to 11 U.S.C. § 363(m), (C) Waiving Stay Under Federal Rule of Bankruptcy Procedure 6004, and (D) Granting Relief From the Automatic Stay Pursuant to 11 U.S.C. § 362(d); Memorandum of Points and Authorities; Declarations of Brian M. Metcalf and Amy L. Goldman In Support Thereof* [Docket No. 61] (the "Motion")[1], the opposition and supplemental brief submitted by the Debtor related to the Motion [Docket Nos. 66, 69], the reply, supplemental briefs, and additional declarations and evidence submitted by the Trustee in support of the Motion [Docket Nos. 67, 68, 70], and the pleadings and evidence in the record and arguments of counsel and other parties at the hearings on the Motion*, and the Debtor's "Objection" to the Trustee's lodged order on the Motion filed on May 25, 2025 (case dkt. 73)*; finding that adequate, timely, and proper notice of the Motion and related hearings has been provided and reasonable opportunity to object and be heard regarding the Motion has been afforded to parties in interest; and based on the findings of fact and conclusions of law stated on the record at the hearings on the Motion which are hereby incorporated by reference and good cause appearing therefor;

THE COURT HEREBY DETERMINES AND ORDERS AS FOLLOWS:

1. The Motion is granted in part as set forth herein.

2. The Agreement attached to the Motion as Exhibit 1 is approved.

3. Pursuant to 11 U.S.C. § 363(b), the Trustee and the Estate are authorized and empowered to take any and all actions necessary or appropriate to consummate and close the sale and assignment of the Estate's right, title, and interest in and to the Estate Claims to the Buyer on the terms set forth in the Agreement.

4. The sale and assignment of the Estate's right, title, and interest in and to the Estate Claims to the Buyer shall be on an "AS IS" and "WHERE IS" basis without recourse of any kind or nature, without any representation or warranty whatsoever, whether express or implied, including no representation or warranty as to the validity, enforceability, and/or collectability of the Estate Claims.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

#61442794v1

5.  Pursuant to 11 U.S.C. § 363(f), the sale and assignment of the Estate's right, title, and interest in and to the Estate Claims to the Buyer shall be free and clear of all claims, liens, encumbrances, and other interests that may be asserted by any party that had notice of the Motion. Upon the closing of the sale and assignment of the Estate Claims to the Buyer, the Trustee shall be deemed to have sold, assigned, transferred, and conveyed the Estate's right, title, and interest in and to the Estate Claims to the Buyer free and clear of all such liens, claims, and interests to the maximum extent permitted under 11 U.S.C. § 363(f), and the Buyer shall be deemed to have acquired and accepted the Estate Claims.

6.  The Agreement was entered into by and between the Trustee and the Buyer in good faith, in an arm's-length transaction and without collusion as contemplated by 11 U.S.C. § 363(m), and the Buyer is a good faith purchaser of the Estate Claims that is entitled to the full protection of 11 U.S.C. § 363(m).

7.  To the extent that the Motion and sale and assignment of the Estate Claims to the Buyer implicates a compromise and settlement, the compromise and settlement is approved and the terms are fair, reasonable, and in the best interest of the Estate and creditors, and it satisfies each of the factors established under *In re A&C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986).

8.  The Buyer *is* granted relief from the automatic stay under 11 U.S.C. § 362(a) *and may proceed in the nonbankruptcy fora to final judgment (including any appeals) in accordance with applicable nonbankruptcy law, including exercising its rights with respect to the Debtor's pending appeal at the Ninth Circuit Court of Appeals*. ~~to the extent necessary to litigate, liquidate, recover, and collect the Estate Claims~~. Notwithstanding the foregoing, the automatic stay shall continue to apply to any action to ~~enforce and~~ collect the Estate Claims against the Debtor, *and the Buyer's prepetition claims against the Debtor described in Proof of Claim Number 2,* pending resolution of the *Complaint Objecting to the Discharge of Certain Debts Under 11 U.S.C. § 523 and Seeking to Deny Debtor's Discharge Under 11 U.S.C. § 727* [Adversary 1:23-ap-01036-MB; Docket No. 1] that the Buyer filed against the Debtor.

9.  *The Motion is denied to the extent it requests a waiver of the 14-day stay under Federal Rules of Bankruptcy Procedure 4001(a)(4) and 6004(h).*

2

#61442794v1

10. The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of the Agreement and this Order, and address any matter or dispute arising from or relating to the Agreement or this Order.

**IT IS SO ORDERED.**

###

Date: May 30, 2025

_Martin R. Barash_
Martin R Barash
United States Bankruptcy Judge

3

#61442794v1